ROSES, INC., PLAINTIFF *v.* UNITED STATES, DEFENDANT, AND ASOCIACION COLOMBIANA DE EXPORTADORES DE FLORES ET AL., INTERVENOR-DEFENDANTS

Court No. 84-08-01215

ROSES, INC., PLAINTIFF *v.* UNITED STATES, DEFENDANT, AND ASOCIACION COLOMBIANA DE EXPORTADORES DE FLORES ET AL., INTERVENOR-DEFENDANTS

Court No. 84-10-01447

MEMORANDUM

(Decided December 14, 1989)

*Stewart and Stewart* (*Eugene L. Stewart, Terence P. Stewart* and *John M. Breen*) for the plaintiff.
*Stuart M. Gerson,* Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (*Shiela N. Ziff*) for the defendant.
*Arnold & Porter* (*Patrick F.J. Macrory*) for the intervenor-defendants.

AQUILINO, *Judge:* The above actions, which have been reassigned to me for disposition, challenge the final determination of the International Trade Administration, U.S. Department of Commerce ("ITA") of sales of fresh cut roses from Colombia at less than fair value and reported at 49 Fed. Reg. 30,765 (Aug. 1, 1984).

One of these actions was commenced before and the other after the U.S. International Trade Commission ("ITC") reached its final determination that an industry in the United States was not materially injured, or threatened with material injury, by reason of those sales of fresh cut roses. 49 Fed. Reg. 36,712 (Sept. 19, 1984), USITC Pub. 1575 (Sept. 1984). That determination became the focus

of yet another action by the plaintiff, CIT No. 84–10–01371, which was also reassigned for disposition. After review and comparison of the three matters, the court decided first the challenge to the ITC determination per slip op. 89–115 (Aug. 18, 1989), 13 CIT 662, 720 F. Supp. 180, pursuant to which judgment entered, dismissing that action. No appeal has been taken, and that judgment is now final. *Cf.* 28 U.S.C. § 2107.

Under the law, an antidumping-duty order cannot issue on the record here in the face of the ITC's negative injury determination, notwithstanding the ITA's determination of sales at less than fair value. Hence, the question presented is the necessity of now deciding the points raised by the plaintiff in the above actions.

The parties themselves have recognized the contingent nature of the three actions. For example, the defendant interposed a motion to suspend No. 84–10–01447 pending resolution of the other two actions which was joined in support by the intervenor-defendants. On its part, the plaintiff has stated in the above actions that:

> * * * Briefing of the issues in these two cases would not have been in the interests of the Court, given that a ratification of the ITC's negative injury determination (challenged in Court No. 84–10–01371) would have rendered judicial consideration of these claims moot.[1]

The parties' perspectives are well-founded. The court is unable to conclude that the remaining points raised need to be discussed. All that is necessary is the entry of final judgments, dismissing the above actions.

[1]Plaintiff's Motion to Set Aside Orders of Dismissal for Want of Prosecution and Motion for Reassignment, p. 12.